OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed and the judgment of Clinton County Court reinstated.
 

 Defendant was indicted for the crime of operating a motor vehicle while in an intoxicated condition based on evidence of the results of a breathalyzer test and testimony of a police officer who observed the defendant at the time of his arrest. The jury was charged that it could find defendant guilty of driving while intoxicated (Vehicle and Traffic Law, § 1192, subd 3) or of operating a motor vehicle while having more than .10 of 1% of alcohol in his blood (Vehicle and Traffic Law, § 1192, subd 2). The court refused defendant’s request to charge the jury on the lesser offense of driving while one’s ability is impaired by alcohol consumption (Vehicle and Traffic Law, § 1192, subd 1). The jury found defendant guilty of violating subdivision 2 of section 1192 and acquitted him on subdivision 3 (driving while intoxicated).
 

 The Appellate Division, in holding that it was reversible error to fail to charge the jury concerning the ability
 
 *981
 
 impaired offense, misapplied the law regarding lesser included offenses. While it is true, as both the majority and dissent below agreed, that driving while impaired is a lesser included offense of driving while intoxicated (see
 
 People v Hoag,
 
 51 NY2d 632), this defendant was not prejudiced by the failure to charge the lesser offense, because he was found not guilty of driving while intoxicated. Prejudice cannot arise merely because defendant was convicted under subdivision 2, the blood alcohol level crime, because driving while impaired is not a lesser included offense of that charge.
 

 A lesser included offense is one which must by definition be concomitantly committed in the commission of the greater offense (CPL 1.20, subd 37; see
 
 People v Cruz,
 
 48 NY2d 419). Here that was not true, since driving while ability is impaired pertains to the driver’s motor coordination, while the charge on which defendant was convicted pertains only to blood alcohol level without regard to the effect which that alcohol may have on the driver. A driver need not be impaired to be convicted under subdivision 2 of section 1192, and therefore driving while impaired is not a lesser included offense of that crime.
 

 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
 

 Order reversed, etc,