■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD HOAG, Appellant. — Appeal from a judgment of the County Court of Saratoga County (Briggs, J.), rendered September 1, 1982, upon a verdict convicting defendant

of the crimes of operating a motor vehicle while he had .10 of 1% or more by weight of alcohol in his blood, operating a motor vehicle while his ability to operate it was impaired and following another vehicle too closely. Defendant was involved in a two-car automobile accident in the early evening of December 18, 1981, when his vehicle collided with the left side of another car turning left in front of him as it entered a private driveway. Witnesses at the scene testified that defendant was in the process of passing the vehicle in front of him at the time of the accident. Defendant was taken to a local hospital, as were the passengers in the other vehicle. They were pronounced dead on arrival; defendant's injuries were superficial. At the hospital, the investigating officer, a sheriff's deputy, charged defendant with operating a motor vehicle while intoxicated, and upon defendant's consent thereto, a blood sample was taken from him. It was thereafter received at the State Police Laboratory for analysis, following which the sample was found to contain .10 of 1% of alcohol. Defendant waived indictment and was prosecuted upon an information charging him with two counts of operating a motor vehicle while intoxicated, as a misdemeanor (Vehicle and Traffic Law, § 1192, subd 3; § 1192, subd 2), the first count the so-called "common law" intoxication charge, and the second count pursuant to the results of the blood test. A second information charged him with following too closely (Vehicle and Traffic Law, § 1129). We find the trial evidence more than sufficient to establish the guilt of defendant beyond a reasonable doubt. There was no impairment in the chain of possession of the blood sample which, without contradiction, established defendant's blood alcohol content at .10 of 1% shortly after the accident (*People v Julian,* 41 NY2d 340). Nor do we find any inconsistency in the verdict returned by the jury (Vehicle and Traffic Law, § 1196; *People v Brown,* 53 NY2d 979). Although the charge to the jury was unnecessarily long and complicated, and at one point confusing, the court corrected its misstatements and clearly identified the possible verdicts. The court complied with the jury's subsequent request for further instructions, to which there was no exception (*People v Gruttola,* 43 NY2d 116). The sentence imposed by the court was based upon a comprehensive presentencing report taking into consideration the past history of defendant and his driving record. We cannot say the court abused its discretion by imposing a sentence of one year in the local penitentiary. Judgment affirmed. Kane, J. P., Main, Yesawich, Jr., and Levine, JJ., concur.

Mikoll, J., dissents and votes to reverse in the following memorandum. Mikoll, J. (dissenting). The court's instructions were confusing, unclear and inadequate in articulating the legal principles underlying the criminal charges pending against defendant. The jurors were thus deprived of the necessary understanding of applicable law in arriving at their verdict. The jurors indicated great confusion immediately after the instructions were given. Despite their obvious lack of comprehension, the court failed to clarify its instruction in any meaningful way. The court's charge violated the mandate of CPL 300.10 and denied defendant due process of law. The judgment should be reversed and a new trial ordered.