■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN G. SAWINSKI, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered March 14, 1988, upon a verdict convicting defendant of the crime of operating a motor vehicle while under the influence of alcohol, as a felony.

On July 17, 1987 Village of Massena Police Officer Michael Olson, responding to a domestic dispute call involving defendant, observed defendant, whom he knew, driving a car without taillights and crossing over the double solid lines of the street. Olson stopped defendant at 12:25 A.M. and noticed that he had a strong odor of alcohol on his breath, slurred his speech and had difficulty stepping out of his car. Based on his experience in making arrests for driving while intoxicated, Olson concluded that defendant was intoxicated; the officer did so without conducting nonobligatory field sobriety tests. Defendant was taken to a police station where, at 12:57 A.M., a breathalyzer test was performed by Randy Currier, but only after the latter had kept defendant under observation for at least 20 minutes. Currier noted that defendant smelled of alcohol, and that he sat and walked unsteadily. The breathalyzer test indicated a blood alcohol content of .16%.

At trial following his indictment for driving while intoxicated, defendant testified that he had consumed only two beers in the 24 hours preceding his arrest, that he had ingested two or three squirts of Primatine Mist to treat an asthmatic condition shortly before the arrest, that he had veered his car over the centerline to avoid hitting a bicycle without a headlight coming toward him, and that he had trouble getting out of his car as Olson directed because he caught his pants on an exposed seat spring. Defendant's only expert, a pharmacist, testified that Primatine Mist contains 34% alcohol, but also stated that the alcohol ingested via Primatine Mist would be expended within 10 to 15 minutes. Defendant also challenged the accuracy of the breathalyzer

test generally and in particular noted that the machine used had not been checked for 13 days prior to defendant's test, that it had not been inspected in Albany or calibrated since August 10, 1986, and that the relay photocells had been replaced, half of which were not calibrated. And apart from establishing that the ampoules had last been tested in 1983, the significance of this fact in relation to defendant's test was not otherwise developed.

County Court declined defendant's requests to charge driving while ability impaired as a lesser included offense and to instruct the jury, relative to the presumption that a chemical breath analysis conducted by a certified law enforcement officer was properly administered (see, Vehicle and Traffic Law § 1194 [4] [c], formerly § 1194 [9]), that the presumption is not conclusive and that the burden of proof on this issue remained with the People. The jury convicted defendant and he appeals; we affirm.

County Court properly refused to charge driving while ability is impaired as a lesser included offense of the crime for which defendant was indicted (see, People v Brown, 53 NY2d 979, 981), now denominated driving while intoxicated, per se (Vehicle and Traffic Law § 1192 [2]). Defendant's contention, that the present recodification of alcohol- and drug-related provisions of the Vehicle and Traffic Law (L 1988, ch 47, eff Nov. 1, 1988) overturned People v Brown (supra), ignores section 1 of that chapter which proclaims that "it is not the intent of the legislature to disturb or endorse existing case law". The assertion that because of Vehicle and Traffic Law § 1192 (7), a driving while ability impaired conviction under subdivision (1) of section 1192 is now a codified lesser included offense of subdivision (2) of section 1192 is not persuasive, for Vehicle and Traffic Law § 1192 (7) is simply a recodification of the substantially identical provision, Vehicle and Traffic Law former § 1196 (1), which was in effect when the Court of Appeals decided People v Brown (supra; see, L 1970, ch 275, § 6, eff Jan. 1, 1971, as amended L 1980, ch 806, § 1).

With respect to County Court's charge that the jury was at liberty to conclude from the fact alone that the officer who administered the chemical test was certified to do so, that the test was therefore properly administered, we note that in addition to giving an instruction that judiciously parrots Vehicle and Traffic Law § 1194 (4) (c), the court also charged that the People bore the burden of proof, that defendant was entitled to every favorable inference and that the jury was free to reject the credibility of any evidence, including physi-

cal evidence. The case of *People v Mertz* (68 NY2d 136) is unavailing to defendant, for County Court at no point suggested that the jury was required to accept the accuracy of the chemical test in the absence of evidence that it was not properly given *(cf., supra,* at 148). In fact, in view of the extensive testimony and evidence elicited by defendant designed to impeach the accuracy of the chemical test, there was no real danger that the jury would assume that the statutory inference of a properly given test was binding.

Defendant's remaining contentions do not merit comment.

Judgment affirmed. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.