■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHYLLIS D. FIELD, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Winick, J.), rendered July 2, 1990, convicting her of leaving the scene of an incident without reporting as a felony, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

This case was previously before us upon the People's appeal from so much of an order of the County Court, Nassau County, as granted that branch of the defendant's post-verdict motion which was to dismiss the indictment. This court reversed the order to the extent appealed from, denied that branch of the defendant's motion, and reinstated the jury verdict (see, People v Field, 161 AD2d 660). Pursuant to this court's decision and order, the matter was remitted to the County Court for the imposition of sentence. This appeal from the judgment of conviction ensued.

We reject the defendant's contention that because she returned to the scene of the accident and reported to the police,

her guilt of leaving the scene of an incident in violation of Vehicle and Traffic Law § 600 (2) (a) was not proven beyond a reasonable doubt. Viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The People presented eyewitness testimony that the defendant accelerated after hitting the victim. The eyewitness followed her and caught up to her at a stop light. He asked her where she was going, and told her she had just hit someone. The defendant made an immediate U-turn, and, upon reaching the corner where the accident took place, drove in the opposite direction of the scene. Both the eyewitness trial testimony, and the defendant's own Grand Jury testimony, agree that the police had arrived on the scene when the defendant turned away from the accident, and drove off. The defendant did not report to the police, but drove to a delicatessen and telephoned her husband. Only after speaking to her husband did the defendant return to the scene. Under these circumstances, we find that the jury could reasonably conclude that the defendant did not voluntarily return to the scene, but merely realized that she had been identified, and had no choice but to return. Additionally, the jury could reasonably determine that the defendant did not notify the police "as soon as [she was] physically able" (Vehicle and Traffic Law § 600 [2] [a]). Upon the exercise of our factual review power, we are also satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

We have examined the defendant's remaining contentions and find them to be largely unpreserved for appellate review (see, People v Williams, 46 NY2d 1070), or to the extent they are preserved, we find them to be without merit, or harmless in light of the overwhelming evidence against the defendant (see, People v Crimmins, 36 NY2d 230). Thompson, J. P., Bracken, Harwood and Balletta, JJ., concur.