■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICARDO DIXON, Appellant. [676 NYS2d 600] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered April 11, 1996, convicting him of criminal sale of a controlled substance in the first degree and criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]). Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses

(*see, People v Gaimari*, 176 NY 84, 94). Its determination should be accorded great weight on appeal and will not be disturbed where it is supported by the record (*see, People v Garafolo*, 44 AD2d 86, 88).

Shortly after one of the drug sales for which the defendant was convicted, the undercover police officer who purchased the drugs from the defendant identified the defendant from a videotape made before the sale. The Supreme Court properly concluded that the identification was merely confirmatory and a *Wade* hearing was not required (*see, People v Montgomery*, 88 NY2d 926; *People v Wharton*, 74 NY2d 921). To the extent that the argument raised on appeal is based on the undercover officer's trial testimony, it is unpreserved for appellate review, since there was no motion made at trial to renew the request for a *Wade* hearing based on the additional facts elicited at trial (*see*, CPL 710.40 [4]).

Further, the Supreme Court properly exercised its discretion when it closed the courtroom during the trial testimony of the undercover officer to whom the defendant had sold cocaine on two separate occasions (*see, People v Jacobs*, 251 AD2d 427 [decided herewith]).

The defendant's remaining contentions are without merit. Sullivan, J. P., Joy, Krausman and Florio, JJ., concur.