■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL GEMBOYS, Appellant. [705 NYS2d 925] —Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: On appeal from a judgment convicting him after a jury trial of felony driving while intoxicated under counts one and four of the indictment (Vehicle and Traffic Law § 1192 [2], [3]; § 1193 [1] [c]) and other Vehicle and Traffic Law violations, defendant contends that County Court erred in refusing to adhere to a sentence promise made as part of a plea bargain and instead permitting him to withdraw the plea. "[T]here is no constitutional right to plea bargain" (*Weatherford v Bursey,* 429 US 545, 561), and it is a condition of any sentence promise that the sentence be appropriate in light of the subsequent presentence report or "later learned facts rendering improvident the sentence promised" (*People v Selikoff,* 35 NY2d 227, 240, *cert denied* 419 US 1122). Defendant, having pleaded guilty to his third offense of driving while intoxicated in less than 10 years, appeared for sentencing on that offense in an intoxicated condition, and the court determined that the agreed upon sentence of probation would be inappropriate given defendant's inability to abstain from the use of alcohol. Because defendant did not change his posi-

tion in reliance on the plea bargain, he was entitled to only the opportunity to withdraw his plea (*see, People v Selikoff, supra,* at 239; *see also, People v McConnell,* 49 NY2d 340, 347).

At trial, the court properly denied defendant's request to charge driving while ability impaired (Vehicle and Traffic Law § 1192 [1]) as a lesser included offense of driving with more than .10% of alcohol in his blood under count four (*see, People v Brown,* 53 NY2d 979, 981). We reject defendant's contention that the indeterminate term of incarceration of 1 to 6 years is unduly harsh or severe. While imposition of a fine is optional (*see, People v Thomas,* 245 AD2d 1136), if a fine is imposed, the range for this third conviction of driving while intoxicated in less than 10 years is "not less than two thousand dollars nor more than ten thousand dollars" (Vehicle and Traffic Law § 1193 [1] [c] [ii]). Thus, the fine of $1,000 imposed on felony driving while intoxicated under count one is illegal. In view of defendant's indigence, we modify the judgment by vacating that fine. (Appeal from Judgment of Erie County Court, Drury, J.—Felony Driving While Intoxicated.) Present—Pigott, Jr., P. J., Pine, Wisner and Scudder, JJ.