■ The People of the State of New York, Respondent, v Kenneth Poole, Also Known as Ken Poole, Appellant. [—NYS2d —]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Berkowitz, J.), rendered January 17, 2003, convicting him of driving while intoxicated per se, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of driving while intoxicated per se under Vehicle and Traffic Law former § 1192 (2). That law provided that "[n]o person shall operate a motor vehicle while such person has .10 of one per centum or more by weight of alcohol in the person's blood as shown by chemical analysis of such person's blood, breath, urine or saliva" (Vehicle and Traffic Law former § 1192 [2]). The defendant argues that the jury should have been charged with driving while ability impaired as a lesser included offense.

When it is impossible to commit a particular crime without concomitantly committing, by the same conduct, another offense of lesser grade or degree, the latter is, with respect to the former, a "lesser included offense" (CPL 1.20 [37]). Driving while intoxicated per se "pertains only to blood alcohol level without regard to the effect which that alcohol may have on the driver" (*People v Brown,* 53 NY2d 979, 981 [1981]). Since a driver need not be impaired to be convicted under subdivision

(2) of section 1192, driving while impaired is not a lesser included offense of that crime (*id.*). Accordingly, the Supreme Court properly refused to charge driving while ability impaired as a lesser included offense of driving while intoxicated per se (*see People v Gemboys,* 270 AD2d 847, 848 [2000]; *People v Sawinski,* 148 AD2d 888, 889-890 [1989]). Prudenti, P.J., Santucci, Covello and Carni, JJ., concur.