The People of the State of New York, Respondent,
against
Robert Turner, Appellant.



Appeal from judgments of the District Court of Nassau County, First District (Eric Bjorneby, J.), rendered September 25, 2012. The judgments convicted defendant, upon jury verdicts, of driving while intoxicated (per se) and failing to signal when turning, respectively.




ORDERED that the judgment convicting defendant of failing to signal when turning is reversed, on the law, and the accusatory instrument charging that offense is dismissed; and it is further,
ORDERED that the judgment convicting defendant of driving while intoxicated (per se) is affirmed.
On December 8, 2009, the People charged defendant, in simplified traffic informations with, among other things, driving while intoxicated (per se) (Vehicle and Traffic Law § 1192 [2]), failing to signal when turning (Vehicle and Traffic Law § 1163 [a]), and driving without a seat belt (Vehicle and Traffic Law § 1229 [c] [3]). After a hearing, the District Court (Erica L. Prager, J.) denied defendant's motion to suppress evidence on the ground that the automobile stop and subsequent arrest had been without probable cause. Thereafter, the court (Valerie Alexander, J.) denied a motion by defendant to dismiss the charge of driving while intoxicated (per se), which charge was based on a postarrest blood alcohol reading of .15 per centum by weight obtained from an Intoxilyzer 5000EN test at police headquarters. The motion was predicated on a claim that the recent closure of the Nassau County Crime Laboratory (Lab) as the result of testing irregularities had rendered defendant's test result unreliable. The court (Eric Bjorneby, J.) denied defendant's subsequent application to question the People's trial witnesses with respect to procedures at the Lab, in particular with respect to the Lab's failure to have calibrated a pipette used in blood alcohol analysis, and granted the People's application to preclude defendant from offering expert testimony as to variations among individuals of the partition ratio employed in breath testing to calculate a person's blood alcohol content from a breath sample. After a jury trial, at which Judge Bjorneby overruled defendant's objection to the admission of instrument calibration and maintenance records of the device on Confrontation Clause grounds, and denied defendant's request that the jury be charged with driving while impaired (Vehicle and Traffic Law § 1192 [1]) as a lesser included offense, the jury convicted defendant of driving while intoxicated (per se) and of failing to signal when turning, and acquitted defendant of the charge of driving without a seat belt. The court thereafter denied defendant's motion to set the verdicts [*2]aside (see CPL 330.30).
The hearing evidence supports the District Court's determination to accept the arresting officer's testimony that he had observed defendant driving his vehicle without wearing a seatbelt, thereby justifying the officer's initial stop. " The credibility determinations of a hearing court are entitled to great deference on appeal, and will not be disturbed unless clearly unsupported by the record' " (People v Davis, 103 AD3d 810, 811 [2013], quoting People v Martinez, 58 AD3d 870, 870-871 [2009]). Further, "as is the rule with an automobile stop, the lawfulness of an arrest need not be established on the basis of the particular offense ultimately charged" (People v Gramajo, 49 Misc 3d 131[A], 2015 NY Slip Op 51435[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2015]), and it is not " conditioned upon whether the arresting officer specified the correct subdivision of Vehicle and Traffic Law § 1192, or upon his [or her] belief as to which subdivision had been violated. All that is required is that [the officer] have had reasonable cause to believe that defendant had violated Vehicle and Traffic Law § 1192' " (People v Gingras, 22 Misc 3d 22, 23 [App Term, 2d Dept, 9th & 10th Jud Dists 2008], quoting People v Hilker, 133 AD2d 986, 987-988 [1987]). Based on defendant's initial, somewhat unusual behavior operating his vehicle (attempting to unlock a car door already unlocked, backing up excessively to exit a parking space that he had entered at an oblique angle), his executing a turn at an excessive speed, the strong odor of an alcoholic beverage emanating from defendant's vehicle, his bloodshot, glassy eyes and slurred speech, his diminished physical coordination exhibited when he exited his vehicle and on his physical performance tests, his admission as to alcohol consumption, and a portable breath test reading of .17 of one per centum by weight obtained at the time of the stop, we find that probable cause existed to arrest defendant, at the very least, for driving while impaired. A postarrest test of defendant's blood alcohol content at police headquarters produced a blood alcohol reading of .15 per centum by weight.
Defendant's pretrial motion to dismiss the accusatory instrument charging driving while intoxicated based on alleged irregularities at the Lab was properly denied. In People v Marino (99 AD3d 726 [2012]), the tests of defendant's blood samples at the Lab's blood alcohol section were deemed reliable and not undermined by virtue of an investigation report which cited, among other things, the Lab's failure to maintain calibration of an instrument, a pipette, used in such tests. In the case at bar, the test results were not even generated in the Lab but from Intoxilyzer 5000EN testing at police headquarters, that is, by an entirely different testing procedure and at a facility other than the Lab (see People v Conneely, 39 Misc 3d 138[A], 2012 NY Slip Op 52473[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2012] ["defendant's blood alcohol test occurred at an entirely different facility, the Central Testing Section at the police department headquarters in Mineola, and by means of a breathalyzer machine, the maintenance and calibration of which were not implicated by whatever testing irregularities were identified at the Lab or referenced by statements of public officials in relation to the Lab and its closure"]). Consequently, the District Court's denial of defendant's request to examine the People's witnesses with respect to their knowledge of issues in relation to the investigation of the Lab and the Lab's subsequent closure was entirely proper, as it would have involved matters of little or no probative value but of significant potential to confuse or mislead the jury as to the material trial issues. With respect to the failure to calibrate the pipette, the District Court's determination of its probative significance anticipated the conclusion of the Marino court, released three months later, that the mere absence of proof of a recent calibration was insufficient to "cast doubt on the accuracy of the results of . . . blood alcohol testing" (Marino, 99 AD3d at 731).
We also agree that defendant was properly precluded from offering expert testimony as to variations among individuals in the conversion ratio, absent a showing that his own ratio so deviated from the ratio adopted in Intoxilyzer 5000EN analysis as to have materially implicated the weight that may be accorded the test results. In People v Lent (29 Misc 3d 14 [App Term, 2d Dept, 9th & 10th Jud Dists 2010], lv denied 15 NY3d 806 [2010]), this court reviewed a claim that the conversion ratio, being variable in the population, entitles a defendant to present expert testimony that his or her conversion ratio might so significantly differ from the mean as to cast [*3]doubt on the evidentiary weight to accord the test results. Rejecting the claim, this court noted that, while "the fact, if not the magnitude, of conversion ratio variability is well established" (id. at 17), the scientific reliability of a properly maintained, calibrated and utilized instrument to accurately measure blood alcohol content is " no longer open to question' " (id. at 16, quoting People v Alvarez, 70 NY2d 375, 380 [1987]), and that this presumption of reliability "extends to the scientific premises underlying the operation of breath test instruments, including the validity of the . . . conversion ratio" (Lent, 29 Misc 3d at 17). Lent did not categorically preclude a defendant from challenging the reliability of test results on the ground that his or her ratio differs so significantly from the norm that, given the specific result at issue, guilt cannot properly be inferred. Rather, Lent imposed on the defense the threshold burden of demonstrating that the defendant's conversion ratio in fact so differs from the ratio employed by the instrument as to implicate the weight to be accorded the test results (see also People v Lloyd, 29 Misc 3d 143[A], 2010 NY Slip Op 52208[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2010]). Defendant argues only that, as the officer testified that defendant is "a big guy," the jury could have inferred that defendant's weight placed him outside of the standard conversion ratio, which might have affected their assessment of the Intoxilyzer's reliability. However, this argument was not presented at trial and we decline to reach it (see e.g. People v Rivera, 49 AD3d 457, 458 [2008]; People v Dixon, 251 AD2d 425, 426 [1998]). In any event, given the magnitude of the test result, .15 of one per centum by weight, approximately twice the maximum allowed by law (see Vehicle and Traffic Law § 1192 [2]), and in light of the remaining proof of intoxication, the preclusion of the evidence, if error, was harmless.
The District Court properly overruled defendant's objections to the admissibility of the maintenance and calibration documents in relation to the Intoxilyzer 5000EN used to test defendant's blood alcohol content. "Confrontation Clause challenges (see Crawford v Washington, 541 US 36 [2004]) to the admission of a breath testing machine's calibration and maintenance documents under the business records exception to the hearsay rule (CPLR 4518) have been considered and rejected (see People v Pealer, 20 NY3d 447, 455 [2013]; People v Lent, 29 Misc 3d 14 [App Term, 2d Dept, 9th & 10th Jud Dists 2010]; People v Lebrecht, 13 Misc 3d 45 [App Term, 2d Dept, 9th & 10th Jud Dists 2006])" (People v McCombs, 47 Misc 3d 44, 48 [App Term, 2d Dept, 9th & 10th Jud Dists 2015]). Defendant urges that the business record exception does not apply because the records at issue are "prepared expressly for the purpose of litigation by forensics analysts whose competence an appellant has a right to call into question," but the Court of Appeals has expressly rejected this argument as follows:
"It may reasonably be inferred that the primary motivation for examining the breathalyzer was to advise the . . . Police Department that its machine was adequately calibrated and operating properly. . . . The testing of the machine was performed by employees of the Division of Criminal Justice Services . . . whose task was to ensure the reliability of such machines—not to secure evidence for use in any particular criminal proceeding. . . . (T)he breathalyzer testing certificates do not directly inculpate defendant or prove an essential element of the charges against him. All three records simply reflected objective facts that were observed at the time of their recording in order to establish that the breathalyzer would produce accurate results, rather than to prove some past event. At their core, these documents should be viewed as business records . . . which, as a class, are generally deemed nontestimonial" (Pealer, 20 NY3d at 455).
The District Court properly declined to charge the jury with driving while impaired (Vehicle and Traffic Law § 1192 [1]) as a lesser included offense (see CPL 1.20 [37]; People v Glover, 57 NY2d 61, 64 [1982]). In People v Brown (53 NY2d 979, 981 [1981]), the Court of Appeals stated:
"[D]riving while ability is impaired pertains to the driver's motor coordination, while the charge [of Vehicle and Traffic Law § 1192 [2]) pertains only to blood alcohol level [*4]without regard to the effect which that alcohol may have on the driver. A driver need not be impaired to be convicted [of that offense], and therefore driving while impaired is not a lesser included offense of that crime" (see also People v Poole, 41 AD3d 867, 867-868 [2007]).
We find the trial evidence to be legally sufficient to support the conviction of Vehicle and Traffic Law § 1192 (2). Vehicle and Traffic Law § 1194 (2) (a) (1) states that a chemical test of blood alcohol content should be administered "within two hours after such person has been placed under arrest for any such violation" (see e.g. People v Zawacki, 244 AD2d 954, 955 [1997]). The test herein was administered within the two-hour period. There is no challenge to the validity of defendant's consent to the test (see People v Atkins, 85 NY2d 1007, 1008-1009 [1995]).
Defendant argues that the proof of defendant's failure to successfully perform the standardized physical coordination tests was of so little probative value owing to his size and spinal injury that the proof did not establish his guilt of driving while intoxicated (per se) beyond a reasonable doubt. However, proof of actual impairment of physical condition is not required, as the offense is committed solely on the basis of blood alcohol content, and even affirmative proof of the absence of impairment is not a defense to the charge. 
We agree with defendant that the trial proof of the charge of failing to signal when turning in violation of Vehicle and Traffic Law § 1163 (a) was legally insufficient, as § 1163 does not require a motorist to signal before leaving a private road or driveway (see Matter of Byer v Jackson, 241 AD2d 943, 944 [1997]; People v Leisenfelder, 42 Misc 3d 1227[A], 2014 NY Slip Op 50233[U], *3 [Albany City Ct 2014]; People v Mazzola, 12 Misc 3d 1165[A], 2006 NY Slip Op 51061[U], *2 [Suffolk Dist Ct 2006]; People v Silvers, 195 Misc 2d 739, 740 [Mount Vernon City Ct 2003]). Accordingly, the judgment convicting defendant of this offense is reversed and the accusatory instrument charging the offense is dismissed.
Finally, the motion to set aside the verdict pursuant to CPL 330.30 (1), which section authorizes a court to set aside a verdict upon "[a]ny ground appearing in the record which, if raised upon an appeal from a prospective judgment of conviction, would require a reversal or modification of the judgment as a matter of law by an appellate court," was properly denied, except insofar as the motion challenged the legal sufficiency of the proof of failing to signal while turning. The proof of guilt of driving while intoxicated (per se) was legally sufficient and, contrary to defendant's contention, the District Court had no authority to grant the motion on the ground that the verdict was against the weight of the evidence (People v Carter, 63 NY2d 530, 536 [1984]; People v Henehan, 111 AD3d 1151, 1152 [2013]).
Accordingly, the judgment convicting defendant of driving while intoxicated (per se) is affirmed.
Marano, P.J., Iannacci and Garguilo, JJ., concur.
Decision Date: September 20, 2016