■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GUSTAVO ABREU, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered May 17, 1983, convicting him of robbery in the first degree (five counts), criminal use of a firearm in the first degree, burglary in the first degree, robbery in the second degree (10 counts), criminal use of a firearm in the second degree and unlawful imprisonment in the second degree (four counts), upon his plea of guilty, and imposing sentence.

Judgment modified, on the law, by vacating the sentence imposed. As so modified, judgment affirmed, and matter remitted to the Supreme Court, Queens County, for resentencing in accordance herewith.

We have reviewed the record and conclude that defendant's challenge to the validity of his guilty plea is unpreserved and, in any case, is without merit (see, People v Pellegrino, 60 NY2d 636; People v Harris, 61 NY2d 9; People v Monroe, 54 NY2d 35, cert denied 455 US 947; People v Santiago, 100 AD2d 857).

However, the minutes of defendant's sentencing reflect that he was illegally sentenced to concurrent indeterminate terms of imprisonment of 1 to 3 years upon the counts of unlawful imprisonment in the second degree, which is a class A misdemeanor (see, Penal Law § 70.15 [1]; § 135.05). Moreover, Criminal Term erred in failing to pronounce sentence on one of the counts upon which defendant had been convicted (see, CPL 380.20; People v Charles, 98 AD2d 780; People v Licitra, 84 AD2d 539). In view of these infirmities, defendant must be resentenced. Lazer, J. P., Bracken, Niehoff and Kooper, JJ., concur.