OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be modified by vacating the sentence and the case remitted to the trial court for resentencing and, as so modified, affirmed.
CPL 380.20 commands that "[i]f an accusatory instrument contains multiple counts and a conviction is entered on more than one count the court must pronounce sentence on each count” (see, People v Abreu, 116 AD2d 655; People v Benoit, 115 AD2d 608; People v Charles, 98 AD2d 780). Upon conviction of two counts of criminal possession of a weapon, third degree, and one count of criminal possession of stolen property, the trial court sentenced defendant to a period of incarceration, "the maximum term not to exceed three years and the minimum term not to exceed one year”, without specify *818 ing to which of the three counts that sentence applied. Such a sentence violates the mandate of CPL 380.20, and thus must be vacated and the case remitted to the trial court for resentencing.
We have considered defendant’s remaining contention and find it to be without merit.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order modified by vacating the sentence and case remitted to Monroe County Court for resentencing and, as so modified, affirmed in a memorandum.