■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK LEE, Appellant. [770 NYS2d 412]—

Appeal by the defendant from (1) an amended sentence of the County Court, Dutchess County (Dolan, J.), imposed April 1, 1999, which, after a hearing, inter alia, modified a sentence of a one-year conditional discharge and restitution in the sum of $6,319, previously imposed on October 31, 1995, upon his conviction of grand larceny in the third degree, by determining that the amount of restitution owing was $3,174 and directing the People to prepare a confession of judgment for the newly-computed amount of restitution owed and to seek enforcement of the restitution pursuant to CPL 420.10 (6) in the event that the confession of judgment was unsigned, and (2) an order and judgment (one paper) of the same court dated May 18, 1999, entered pursuant to CPL 420.10 (6), inter alia, directing that the Dutchess County Department of Social Services recover the sum of $3,174 from the defendant.

Ordered that the amended sentence is reversed, on the law, and the order and judgment is vacated; and it is further,

Ordered that the appeal from the order and judgment is dismissed as academic in light of our determination on the appeal from the amended sentence.

In 1995 the defendant pleaded guilty to grand larceny in the third degree, a felony, for committing welfare fraud. In exchange for his plea of guilty, the defendant was sentenced to a conditional discharge for a one-year period and restitution. Specifically, the defendant was required to pay $100 per month for 12 months, and at the conclusion of the one-year period he was to sign a confession of judgment for the remainder. Although the defendant made the monthly payments, he refused to sign the confession of judgment.

The People did not timely avail themselves of the procedural safeguards to ensure the continuation and/or tolling of the one-year sentence. Under Penal Law § 65.05 (3), a court may extend the period of sentence for up to two years "at any time prior to the expiration or termination of the period of conditional discharge," and, pursuant to CPL 410.30 and Penal Law § 65.15 (2), a court may make a declaration of delinquency within the applicable period of sentence upon a showing of a violation of the conditions of the conditional discharge. Although the People obtained a declaration of delinquency, it was not until two years after the period of the conditional sentence had expired, and was therefore invalid. A court cannot modify the conditions of a sentence of conditional discharge after the expiration of the period of sentence (see CPL 410.20 [1]). Nor can a court direct a defendant to sign a confession of judgment after the period of conditional discharge had expired (see Penal Law § 65.05). Accordingly, because the period in which the restitution could have been collected had expired, we reverse the April 1, 1999, amended sentence, which, inter alia, directed the People to prepare a confession of judgment for the newly-computed amount of restitution owed and to seek enforcement of the restitution pursuant to CPL 420.10 (6) in the event that the confession of judgment was unsigned. Smith, J.P., Krausman, McGinity and Rivera, JJ., concur.