THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL ALEXANDER, Appellant. [900 NYS2d 261]—

Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered July 17, 2008, convicting defendant, after a jury trial, of bribery in the third degree and unlawful possession of marijuana, and sentencing him, as a second felony offender, to an aggregate term of 3 to 6 years, unanimously affirmed.

Defendant's ineffective assistance of counsel claims, including those raised in his pro se supplemental brief, are unreviewable on direct appeal because they involve counsel's strategic decisions and other matters outside the record (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]).

---

In particular, counsel had no reason to request instructions on the defenses of duress (Penal Law § 40.00) or emergency justification (Penal Law § 35.05 [2]) because those defenses had no applicability to the facts. Even assuming that, when viewed most favorably to defendant, the evidence supports a theory that defendant's offer of an unsolicited bribe to avoid arrest was the result of violent threats by the officer, that theory would still not support these defenses. There was no evidence that defendant had been threatened with imminent harm, and his remedy, under the view of the facts posited on appeal, would have been to report the officer's threats to the proper authorities instead of offering him an unsolicited bribe. We note that defendant concedes that the evidence did not support the extortion/coercion defense to bribery (Penal Law § 200.05). In any event, regardless of whether counsel should have asked for instructions on these additional defenses, the lack of those instructions could not have prejudiced defendant because neither of these defenses had any hope of success.

With regard to defendant's challenges to the court's responses to jury notes, the only one that is arguably preserved is his claim that the court should not have specifically told the jury that although there is an extortion/coercion defense to bribery, that defense was not made out and thus could not be considered. We reject that argument, because, as defendant now concedes, the defense was not made out, and it was appropriate in light of the defense summation and the jury's note to put that issue to rest by telling the jury the court "had made a legal determination that this defense did not apply" (*People v Moreno*, 58 AD3d 516, 518 [2009], *lv denied* 12 NY3d 819 [2009]). Defendant did not preserve any other challenges to the court's supplemental jury instructions and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits.

We perceive no basis for reducing the sentence.

We have considered and rejected defendant's remaining pro se claims. Concur—Tom, J.P., Mazzarelli, Acosta, DeGrasse and Richter, JJ.

Motion seeking leave to file a pro se supplemental reply brief denied.