■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAMIEN HENRY, Appellant. [914 NYS2d 288]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (D'Emic, J.), rendered March 31, 2008, convicting him of criminal possession of a weapon in the second degree and menacing in the second degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing in accordance herewith.

In support of their case, the People introduced the results of what was referred to as a Low Copy Number (hereinafter LCN) DNA test, which purported to show that the defendant's DNA was found on or near the trigger of a recovered weapon. The defendant argues that he was deprived of the effective assistance of counsel due to his attorney's failure to request a *Frye* hearing (*see Frye v United States*, 293 F 1013 [1923]; *People v Wesley*, 83 NY2d 417, 423 [1994]) with respect to the admissibility of the

results of the LCN DNA testing. The defendant's contention that LCN DNA testing is not generally accepted in the scientific community is premised upon matter outside of the record, including discussions he had with his attorney, and arises primarily ·in the context of whether his attorney should have requested the *Frye* hearing. Accordingly, the issue of whether LCN DNA testing is not generally accepted in the scientific community cannot, to that extent, be reviewed on direct appeal (*see People v Alexander*, 72 AD3d 559 [2010]; *People v Park*, 60 AD3d 972 [2009]). To the extent that the defendant's contention of ineffective assistance of counsel can be reviewed, the record reveals that the defendant was not deprived of the effective assistance of counsel under applicable state and federal standards (*see People v Mingo*, 66 AD3d 1043 [2009]).

The sentence imposed upon the defendant's conviction of criminal possession of a weapon in the second degree was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

As the defendant notes, however, the Supreme Court failed to pronounce sentence on each of the three counts of menacing in the second degree (Penal Law § 120.14 [1]) of which he was convicted. Therefore, the entire sentence must be vacated, and the matter must be remitted to the Supreme Court, Kings County, for resentencing on all of the convictions in accordance with CPL 380.20 (*see People v Sturgis*, 69 NY2d 816 [1987]; *People v Robinson*, 69 AD3d 885 [2010]). Dillon, J.P., Angiolillo, Belen and Roman, JJ., concur.