■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HOKEEL HOE BAILEY, Appellant. [17 NYS3d 306]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Camacho, J.), rendered October 17, 2011, convicting him of robbery in the second degree and resisting arrest, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the sentence; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for resentencing in accordance herewith.

The defendant's contention that his plea of guilty was not knowingly or voluntarily entered is not preserved for appellate review because he did not move to vacate his plea or otherwise raise the issue before the Supreme Court (*see* CPL 470.05 [2]; *People v Jackson*, 114 AD3d 807 [2014]; *People v Folger*, 110 AD3d 736 [2013]). Contrary to the defendant's contention, the exception to the preservation requirement does not apply here, as the defendant's plea allocution did not cast significant doubt upon his guilt, negate an essential element of the crime, or call into question the voluntariness of the plea (*see People v Tyrell*, 22 NY3d 359, 364 [2013]; *People v Lopez*, 71 NY2d 662, 666 [1988]; *People v Fontanet*, 126 AD3d 723 [2015]). In any event, the record of the plea proceedings reflects that the defendant's plea of guilty was knowingly, voluntarily, and intelligently entered (*see People v Fiumefreddo*, 82 NY2d 536, 543 [1993]; *People v Harris*, 61 NY2d 9, 16-17 [1983]; *People v Bennett*, 122 AD3d 871, 872 [2014]; *People v Jackson*, 114 AD3d at 807-808).

However, as the People correctly concede, the Supreme Court failed to pronounce sentence on the conviction of resisting arrest in the defendant's presence, in violation of its obligation under CPL 380.20 (*see People v Rose*, 120 AD3d 593, 594 [2014]; *People v Henry*, 80 AD3d 625, 626 [2011]; *People v White*, 72 AD3d 993, 994 [2010]). Accordingly, the sentence must be vacated and the matter remitted to the Supreme Court, Queens County, for resentencing on both counts upon which the defendant was convicted in accordance with CPL 380.20. Mastro, J.P., Hall, Sgroi and Duffy, JJ., concur.