The People of the State of New York, Respondent,
against
Alejandro Anderson, Appellant.




Appellate Advocates (Ronald Zapata, Esq.), for appellant.
 District Attorney Kings County (Leonard Joblove, Morgan J. Dennehy of counsel), for respondent.

Appeal by defendant, as limited by the brief, from so much of a sentence of the Criminal Court of the City of New York, Kings County (Curtis J. Farber, J.), imposed February 6, 2015, upon his conviction of driving while intoxicated (per se), upon his plea of guilty, as imposed a fine of $500.




ORDERED that the sentence is reversed, on the law, and the matter is remitted to the Criminal Court for resentencing in accordance with this decision and order.
Defendant was charged in an accusatory instrument with driving while ability impaired (Vehicle and Traffic Law § 1192 [1]), driving while intoxicated (per se) (Vehicle and Traffic Law § 1192 [2]), driving while intoxicated (common law) (Vehicle and Traffic Law § 1192 [3]), aggravated unlicensed operation of a motor vehicle in the third degree (Vehicle and Traffic Law § 511 [1] [a]), and driving without a license (Vehicle and Traffic Law § 509 [1]). On September 10, 2013, defendant pleaded guilty to driving while intoxicated (per se) and driving while ability impaired in satisfaction of the entire accusatory instrument, with a promised sentence of a $300 fine, a 90-day license suspension, and a conditional discharge, the condition being that he complete a 90-day "Scram" program and receive "TASC" treatment for one year, during which time he was prohibited from driving. Defendant was informed by the court (Michael J. Yavinsky, J.) that, if he successfully completed the programs, the plea to driving while [*2]intoxicated (per se) would be vacated, but if he did not complete the programs, he would be sentenced on both convictions, i.e., the misdemeanor and the traffic infraction, and could be sentenced to up to a year in jail.
Subsequently, defendant appeared in court for sentencing, having failed to complete the "TASC" treatment, thereby violating the plea agreement. The court (Curtis J. Farber, J.) sentenced defendant on his conviction on the count of driving while intoxicated (per se) to a 45-day term of imprisonment, followed by a three-year period of probation, with specified conditions, a six-month license revocation, and a $500 fine, and failed to pronounce sentence on the conviction on the count of driving while ability impaired. On appeal, defendant solely contests the imposition of the $500 fine as being excessive. 
The sentence imposed upon defendant's conviction of driving while intoxicated (per se) was not excessive (see People v Henry, 80 AD3d 625 [2011]; People v Suitte, 90 AD2d 80 [1982]).
However, when a defendant is convicted on more than one count of a multiple count accusatory instrument, there is a statutory obligation on a criminal court to pronounce sentence on each count upon which the defendant was convicted (see CPL 380.20; People v Sturgis, 69 NY2d 816 [1987]; People v Bailey, 132 AD3d 690 [2015]). Consequently, the sentence imposed herein must be vacated and the matter remitted for resentencing on both convictions (see Henry, 80 AD3d 625; People v Goddard, 112 AD2d 379 [1985]; People v Stevens, 39 Misc 3d 131[A], 2013 NY Slip Op 50469[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; People v Fevoy, 35 Misc 3d 143[A], 2012 NY Slip Op 50945[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]). We note that driving while ability impaired is not a lesser included offense of driving while intoxicated (per se) (see People v Brown, 53 NY2d 979, 981 [1981]; People v Poole, 41 AD3d 867, 867-868 [2007]; People v Turner, 53 Misc 3d 130[A], 2016 NY Slip Op 51368[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]).
Accordingly, the sentence is reversed and the matter is remitted to the Criminal Court for resentencing on each count upon which defendant was convicted.
PESCE, P.J., WESTON and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 29, 2017