People v M. M. Telcom Corp. (2020 NY Slip Op 51218(U))

[*1]

People v M. M. Telcom Corp.

2020 NY Slip Op 51218(U) [69 Misc 3d 132(A)]

Decided on October 8, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 8, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : THOMAS A. ADAMS, P.J., BRUCE E. TOLBERT, TERRY JANE
RUDERMAN, JJ

2019-777 W CR

The People of the State of New York,
Respondent, 
against
M. M. Telcom Corp. and Michael Marom, Appellants.

M. M. Telcom Corp. and Michael Marom, appellants pro se.
Timothy W. Lewis, for respondent.

Appeal from an order of the Justice Court of the Town of Greenburgh, Westchester County
(Delores Scott Brathwaite, J.), dated June 8, 2018 and a judgment of that court rendered April 24,
2019. The order denied defendant M.M. Telcom Corp.'s motion to dismiss the accusatory
instrument. The judgment convicted each defendant, after a nonjury trial, of violating sections
301.3 and 304.6 of the New York State Property Maintenance Code and sections 410-4A and
285-36F of the Greenburgh Town Code, and imposed sentence.

ORDERED that so much of the appeal as is from the order is dismissed; and it is further,

ORDERED that the judgment of conviction is modified, on the law, by vacating the sentence
imposed; as so modified, the judgment is affirmed and the matter is remitted to the Justice Court
for resentencing.
So much of the appeal as is from the order dated June 8, 2018 is dismissed because it is not
authorized by CPL 450.10 or CPL 450.15, and no appeal lies from an order arising out of a
criminal proceeding absent specific statutory authorization (see People v Santos, 64
NY2d 702, 704 [1984]; People v Herrara, 171 AD2d 85, 87 [1991]). It is noted that this
court dismissed a [*2]prior appeal from the same order (see
People v M. M. Telcom Corp., 2018 NY Slip Op 80892[U] [App Term, 2d Dept, 9th &
10th Jud Dists 2018]). The issues raised on the appeal from the order are brought up for review
and have been considered on the appeal from the judgment of conviction. 
At all relevant times, defendant M.M. Telcom Corp. (Telcom) owned a piece of property,
201 Healy Avenue (also known as 11 Elizabeth Street) in the Town of Greenburgh, Westchester
County. At all relevant times, defendant Michael Marom (Marom) was Telcom's owner and acted
as Telcom's principal. Telcom began building a house on the subject property in 2010. By
December of 2016, the house had not been completed, as construction had been halted for years.
A summons was issued based upon a failure to implement corrective actions detailed in a notice
of violation which warned that the failure to implement the corrective actions within 30 days
would result in the issuance of a summons. Defendants were, in effect, charged together in an
information (see CPL 200.40 [1]; 100.45 [1]) with, insofar as is relevant to this
appeal,[FN1]
 three violations of section 301.3 of the New York State Property Maintenance Code (charged as
violations of the International Property Maintenance Code [IPMC]), one violation of section
304.6 of the New York State Property Maintenance Code (charged as a violation of the IPMC),
and one violation each of Greenburgh Town Code §§ 410-4A and 285-36F
(see Penal Law §§ 20.20 [2] [c]; 20.25; People v Claudia Dowling, Inc., 57 Misc 3d 52 [App Term, 2d
Dept, 9th & 10th Jud Dists 2017]; People v Larrea, 40 Misc 3d 142[A], 2013 NY Slip Op 51511[U]
[App Term, 2d Dept, 9th & 10th Jud Dists 2013]).

The notice of violation provided descriptions of each of the violations listed above. The
descriptions for the three alleged violations of section 301.3 of the New York State Property
Maintenance Code were: "Makeshift scaffolding left on building with signs of severe
deterioration"; "Exterior siding, eaves, gutters not completed for years causing a blight in
neighborhood"; and "Piles of gravel stored on driveway by road causing an [sic] blighting
problem for an extended period of time," respectively. The description for the alleged violation
of section 304.6 of the New York State Property Maintenance Code was, "Exterior walls left
incomplete for an extended period of time exposing unfinished windows and exterior walls
without siding to weather elements." The description for the alleged violation of Greenburgh
Town Code § 410-4A was, "Accumulation of deteriorated construction debris throughout
the site." The description for the alleged violation of Greenburgh Town Code § 285-36F
was, "Commercial trailer and cement mixer stored in front yard not buffered from view." While
Marom has consistently objected to the characterization of construction materials stored on the
property as "debris," he does not otherwise dispute the existence of these conditions.

In August of 2017, the parties signed a stipulation in which they agreed that, subject to the
approval of the court, most of the charges would be dismissed if enumerated corrective actions
were completed by August 31, 2017. The two charges that were not subject to dismissal pursuant
to the proposed stipulation were the violation of section 304.6 of the New York State Property
Maintenance Code and the violation of 301.3 of the New York State Property Maintenance Code
that was based upon "Exterior siding, eaves, gutters not completed for years causing a blight in
neighborhood." It is undisputed that one of the enumerated corrective actions—the
flattening of a gravel pile—was not completed until October 6, 2017. At a conference on
October 4, 2017, the court declined to approve the stipulation. 

By notice of motion returnable November 13, 2017, Telcom moved to dismiss the charges.
On November 6, 2017, a nonjury trial commenced and the court stated that it would reserve
decision on Telcom's motion. The trial continued over two more dates, January 10, 2018 and
May 23, 2018. By order dated June 8, 2018, the court denied Telcom's motion. The court
"condensed" the three counts of violating section 301.3 of the New York State Property
Maintenance Code into one count and, insofar as is relevant to this appeal, defendants were
subsequently found guilty and sentenced as follows: a fine of $4,000 for a single violation of
section 301.3 of the New York State Property Maintenance Code, $3,000 for a violation of
section 304.6 of the New York State Property Maintenance Code, $3,000 for a violation of
Greenburgh Town Code § 285-36F and $3,000 for a violation of Greenburgh Town Code
§ 410-4A. The total fine imposed was $13,000. Defendants appeal.

Defendants argue that the court lacked personal jurisdiction over Telcom because the
summons was not properly served. As "the sole function of a summons is to achieve a
defendant's court appearance in a criminal action for the purpose of arraignment upon the
accusatory instrument by which such action was commenced" (CPL 130.10 [1]), and Telcom was
arraigned on February 2, 2017, this argument is without merit (see People v Grant,16
NY2d 722 [1965]; People v DiLorenzo, 149 Misc 2d 791 [Crim Ct, Bronx County
1990]). 

Defendants further argue that they could not be charged with or convicted of violations of the
New York State Property Maintenance Code because the Town of Greenburgh did not adopt the
IPMC. However, the IPMC was adopted by New York State under Part 1226 of the New York
State Uniform Fire Prevention and Building Code (the Uniform Code) (see 19 NYCRR
1226.1 [a]). The Uniform Code is deemed applicable in the Town of Greenburgh by Greenburgh
Town Code § 100-3.

Defendants next argue that the New York State Property Maintenance Code is only
applicable to residential structures and that, because the property is a construction site, it falls
outside the purview of that code. Reading the various sections of Chapter 3 of the New York
State Property Maintenance Code together, we find that the chapter is applicable to vacant land,
structures—which are defined as "that which is built or constructed or a portion
thereof"—and the land on which structures sit. As the conditions at issue involve a
partially constructed house and the land on which it sits, the New York State Property
Maintenance Code is applicable. 

Defendants argue that the Town of Greenburgh did not demonstrate that any of the
conditions described in the notice of violation constitute violations of the New York State
Property Maintenance Code or the Greenburgh Town Code. To the extent that defendants'
arguments are based upon the legal insufficiency of the evidence, they are unpreserved for
appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]). In any event,
viewing the evidence in the light most favorable to the prosecution (see People v Contes,
60 NY2d 620 [1983]), we find that the evidence was legally sufficient to establish each
defendant's guilt of each of the violations at issue on this appeal. To the extent that defendants'
arguments are based upon the weight of the evidence, we find that the verdict, insofar as
reviewed on this appeal, was reasonable after considering all of the credible evidence (see People v Danielson, 9 NY3d
342, 348 [2007]; People v
Romero, 7 NY3d 633 [2006]; People v Bleakley, 69 NY2d 490 [1987]). 

Defendants argue that the Justice Court does not have the authority to impose fines
exceeding $3,000. We reject this argument and note that UJCA 202, which limits the monetary
jurisdiction of the Justice Court over "actions and proceedings for the recovery of money or
chattels" to $3,000, is not applicable to the Justice Court's jurisdiction over criminal cases. 

However, a defendant must be sentenced on each count upon which he or she is convicted
(see CPL 380.20; People v Sturgis, 69 NY2d 816, 817-818 [1987]; People v Payne, 54 Misc 3d
138[A], 2017 NY Slip Op 50140[U], *3 [App Term, 2d Dept, 2d, 11th & 13th Jud
Dists 2017]). Since only one sentence was imposed for each count being reviewed on this appeal,
the sentence must be vacated and the matter remitted for each defendant to be properly sentenced
(see People v Sturgis, 69 NY2d 816; People v Henry, 80 AD3d 625, 626 [2011]; People v Stepney, 42 Misc 3d
139[A], 2014 NY Slip Op 50170[U] [App Term, 2d Dept, 9th & 10th Jud Dists
2014]).

We note that each of the violations at issue is for a single infraction committed by each
defendant on December 19, 2016 and neither defendant may be fined for anything other than that
[*3]conduct (see Executive Law § 382 [2];
Greenburgh Town Code §§ 285-47A; 410-9C; People v Fremd, 41 NY2d 372,
376 [1977]; People v Russell Place
Realty Co., Inc., 36 Misc 3d 132[A], 2012 NY Slip Op 51299[U] [App Term, 2d Dept,
9th & 10th Jud Dists 2012]; People
v Leo, 20 Misc 3d 1, 4 [App Term, 2d Dept, 9th & 10th Jud Dists 2008]).

Defendants' remaining contentions lack merit.

Accordingly, the judgment of conviction is modified by vacating the sentence imposed and
the matter is remitted to the Justice Court for resentencing.

ADAMS, P.J., TOLBERT and RUDERMAN, JJ., concur.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: October 8, 2020

Footnotes

Footnote 1: Defendants were also each
charged with and found guilty of violating Greenburgh Town Code § 285-47A, but no
sentence was imposed thereon. "A judgment is comprised of a conviction and the sentence
imposed thereon and is completed by imposition and entry of the sentence" (CPL 1.20 [15]). No
appeal lies from a verdict (see People v
Zebzda, 65 Misc 3d 132[A], 2019 NY Slip Op 51606[U] [App Term, 2d Dept, 9th
& 10th Jud Dists 2019] [dismissing an appeal from what was actually a jury verdict finding
the defendant guilty of a single charge of disorderly conduct because no sentence was imposed
upon that charge, and, thus, there was no judgment from which to appeal]). To the extent that
defendants' notice of appeal indicates that they are appealing from the April 24, 2019 judgment
of conviction, it does not encompass the guilty verdicts of violating Greenburgh Town Code
§ 285-47A upon which no sentence was entered, and those verdicts are not being reviewed
as part of this appeal.