People v Valastro (2023 NY Slip Op 02039)

People v Valastro

2023 NY Slip Op 02039

Decided on April 20, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 20, 2023

112981
[*1]The People of the State of New York, Respondent,
v
Carry Valastro, Appellant.

Calendar Date:March 24, 2023

Before:Egan Jr., J.P., Clark, Ceresia, Fisher and McShan, JJ.

Lisa A. Burgess, Indian Lake, for appellant.
J. Anthony Jordan, District Attorney, Fort Edward (Taylor R. Fitzsimmons of counsel), for respondent.

Appeal from a judgment of the County Court of Washington County (Kelly S. McKeighan, J.), rendered May 27, 2021, convicting defendant upon her plea of guilty of the crimes of driving while intoxicated (two counts) and aggravated unlicensed operation of a motor vehicle in the first degree (two counts).
Defendant was charged in a four-count indictment with two counts of driving while intoxicated (hereinafter DWI) and two counts of felony aggravated unlicensed operation of a motor vehicle in the first degree (hereinafter AUO). Defendant thereafter accepted County Court's offer to plead guilty to the entire indictment in exchange for a 90-day jail sentence and five years of probation, in addition to, among other things, fines, fees, surcharges and license revocation. As part of the agreement, defendant was required to waive her right to appeal, and she did so prior to entering a guilty plea to all four counts. The court thereafter imposed the agreed-upon sentence, and defendant was remanded to serve her jail sentence. Defendant appeals.
We affirm. Defendant's sole contention on appeal is that County Court never imposed the 90-day jail sentence and, thus, she should not have been remanded to the custody of the Washington County Sheriff to serve that jail term.[FN1] As relevant here, a judgment of conviction includes both a guilty plea and the imposition and entry of a sentence (see CPL 1.20 [10], [13], [14], [15]), and the court is required to pronounce sentence on each count at sentencing (see CPL 380.20; People v Sturgis , 69 NY2d 816, 817 [1987]). A review of the sentencing minutes reflects that, following an off-the-record discussion and during the initial segment of the sentencing appearance, the court in fact imposed a 90-day jail sentence and five years of probation on the AUO convictions. After a short recess, the court continued with sentencing, repeating that the sentence included five years of probation on the AUO convictions and imposed fines, surcharges and other fees thereon, and repeated the fines, license revocation and interlock device term imposed on the DWI convictions. Although the court did not repeat the jail term imposed, the record is clear that defendant was aware that the agreed-upon jail term had been imposed, that she was being remanded to the Washington County Sheriff to serve that jail term, and that she would be reporting to probation upon her release. Accordingly, defendant's contention is belied by the record.
Egan Jr., J.P., Clark, Ceresia, Fisher and McShan, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: Although it appears that defendant has served the 90-day jail term, a valid judgment of conviction requires that a sentence be imposed (see CPL 1.20 [15]). Accordingly, if a sentence was never imposed, the remedy would be remittal to County Court to impose the sentence and, as such, the appeal is not moot.