People v Gizzo (2024 NY Slip Op 24112)

[*1]

People v Gizzo (Naika)

2024 NY Slip Op 24112

Decided on March 21, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Miscellaneous Reports.

Decided on March 21, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TIMOTHY S. DRISCOLL, J.P., JAMES P. McCORMACK, GRETCHEN WALSH, JJ

2021-612 W CR

The People of the State of New York, Respondent,
against
Naika Gizzo, Appellant. 

Richard L. Herzfeld, for appellant.
Westchester County District Attorney (Raffaelina Gianfrancesco of counsel), for respondent.

Appeal from a judgment of the Justice Court of the Town of North Castle, Westchester County (Douglas J. Martino, J.), rendered September 14, 2021. The judgment convicted defendant, after a nonjury trial, of petit larceny and criminal possession of stolen property in the fifth degree, and imposed sentence. The appeal from the judgment brings up for review oral orders of that court denying defendant's motions to, respectively, dismiss the accusatory instrument on the ground of facial insufficiency and suppress certain statements and physical evidence.

ORDERED that the judgment of conviction is modified, on the law, by vacating the sentence imposed and remitting the matter to the Justice Court for a restitution hearing and thereafter for resentencing.
Defendant was charged in a misdemeanor information with petit larceny (Penal Law § 155.25) and criminal possession of stolen property in the fifth degree (Penal Law § 165.40). A combined Huntley hearing (see People v Huntley, 15 NY2d 72 [1965]) and nonjury trial was conducted by the Justice Court. After suppressing the majority of the statements made by defendant to the police at her employer's home before she was read her Miranda rights (see Miranda v Arizona, 384 US 436 [1966]), but not the statements she made to the police at the [*2]police station after she was read her Miranda rights, or the physical evidence, the Justice Court found defendant guilty of both charges. Subsequently, the Justice Court sentenced defendant to a one-year conditional discharge, a condition of which was the payment of $2,629.42 in restitution (see Penal Law § 65.10 [2] [g]). 
On appeal, defendant contends that the accusatory instrument was facially insufficient; that her jury trial waiver was invalid; that her statements made at the police station and the physical evidence should have been suppressed, as there was insufficient attenuation between those statements and the earlier ones made by her to the police at her employer's home; and that the People failed to meet their burden of proving the victim's loss with evidence that was sufficient to sustain an award of restitution. 
"A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution" (People v Case, 42 NY2d 98, 99 [1977]; see People v Dumay, 23 NY3d 518, 522 [2014]; People v Dreyden, 15 NY3d 100, 103 [2010]). However, "not every deficiency [in an accusatory instrument] implicates the jurisdiction of the court" (People v Konieczny, 2 NY3d 569, 575 [2004]; see People v Casey, 95 NY2d 354, 362 [2000]). For example,"a purported hearsay defect in an accusatory instrument is nonjurisdictional" (People v Jackson, 18 NY3d 738, 741 [2012]; see Casey, 95 NY2d at 362, 364), and such a defect is waived by a failure to timely raise the issue in a pretrial motion (see People v Keizer, 100 NY2d 114, 121 [2003]; Casey, 95 NY2d at 363; People v Cortland, 66 Misc 3d 141[A], 2020 NY Slip Op 50150[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2020]; People v James, 49 Misc 3d 154[A], 2015 NY Slip Op 51791[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]). Here, as defendant moved to dismiss the accusatory instrument during the trial, she waived her contention that the misdemeanor information was facially insufficient because it contained hearsay (see Casey, 95 NY2d at 363; Cortland, 2020 NY Slip Op 50150[U]).
Defendant correctly argues that the contents of her written confession cannot be considered when determining the facial sufficiency of the accusatory instrument as those statements were not contained within the four corners of the accusatory instrument and the written confession was annexed to the People's CPL 710.30 notice rather than to the accusatory instrument (see CPL 100.15 [3]; 100.40 [1] [c]; People v Slade, 37 NY3d 127, 136-137 [2021]; People v Hardy, 35 NY3d 466, 475 [2020]; People v Thomas, 4 NY3d 143, 146 [2005]). However, even without the written confession, the accusatory instrument, together with the supporting depositions, sufficiently alleged all of the elements of the crimes of petit larceny and criminal possession of stolen property in the fifth degree, and defendant's commission thereof, since, collectively, they established that defendant wrongfully took and possessed property, without the owner's consent, with the intent of depriving the owner of that property and impeding the recovery thereof (see Penal Law §§ 155.05 [1]; 155.25, 165.40, 165.55 [1]; People v Olivo, 52 NY2d 309, 318-319 [1981]; People v Kirkpatrick, 32 NY2d 17, 23 [1973]; People v Reisman, 29 NY2d 278, 285-286 [1971]; People v Santana, 66 Misc 3d 126[A], 2019 NY Slip Op 52024[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2019]). In addition, we note that, in general, the source or validity of a deponent's knowledge need not be specified in the accusatory instrument, but is a matter to be raised at trial (see Casey, 95 NY2d at 360; People v White, 31 Misc 3d 130[A], 2011 NY Slip Op 50579[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2011]; People v Fischer, 6 Misc 3d 135[A], 2005 NY Slip Op 50213[U] [App Term, 2d Dept, 9th & [*3]10th Jud Dists 2005]; People v Caravousanos, 2 Misc 3d 7 [App Term, 2d Dept, 9th & 10th Jud Dists 2003]; cf. People v Jackson, 18 NY3d 738, 746 [2012] ["when an allegation involves a conclusion drawn by a police officer that involves the exercise of professional skill or experience, some explanation concerning the basis for that conclusion must be evident from the accusatory instrument"]). 
With respect to defendant's suppression issue, the determination of whether there has been attenuation, by which the taint of an initial illegality may be "purge[d]" (Taylor v Alabama, 457 US 687, 690 [1982]; People v Conyers, 68 NY2d 982, 983 [1986]) or "dissipate[d]" (Oregon v Elstad, 470 US 298, 300, 303, 310-311 [1985]; People v Jones, 21 NY3d 449, 452 [2013]) by intervening events, requires consideration of the temporal proximity of the initial illegality, the presence or absence of "intervening circumstances," and "the purpose and flagrancy of the police misconduct" (People v Harris, 77 NY2d 434, 441 [1991]; see People v Bradford, 15 NY3d 329, 333 [2010]; Conyers, 68 NY2d at 983; People v Panetta, 66 Misc 3d 145[A], 2020 NY Slip Op 50200[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2020]). There must be a definite and pronounced break in the interrogation such that a defendant may be said to have returned, in effect, to the status of one who is not under the influence of questioning (see People v White, 10 NY3d 286, 291 [2008]; People v Paulman, 5 NY3d 122, 130-131 [2005]; People v Chapple, 38 NY2d 112, 115 [1975]). Some of the factors that New York courts have considered include the time differential between the Miranda violation and the subsequent admission; whether the same police personnel were present and involved in eliciting each statement; whether there was a change in the location or nature of the interrogation; the circumstances surrounding the Miranda violation, such as the extent of the improper questioning; and whether, prior to the Miranda violation, the defendant had indicated a willingness to speak to the police (see White, 10 NY3d at 291; Paulman, 5 NY3d at 130-131). No one factor is determinative, as each case must be viewed on its unique facts (see White, 10 NY3d at 291; Paulman, 5 NY3d at 130-131). If it is determined that there was attenuation, the Mirandized statement is admissible at trial despite the prior, unwarned statement (see White, 10 NY3d at 291; Paulman, 5 NY3d at 130-131). 
Here, the record demonstrates that, prior to the Miranda violation, defendant had indicated a willingness to speak to the police; that the improper questioning at defendant's employer's house was not extensive and, once defendant incriminated herself, that questioning stopped; that time passed between the Miranda violation and the subsequent admissions made by defendant at the police station; and that there was a change in the location and nature of the interrogation, as the police placed defendant under arrest and transported her to the police station where she was read her Miranda rights before any further questions were asked about the crimes. These factors warrant the admission of the Mirandized statements(see White, 10 NY3d at 292; People v Samuels, 11 AD3d 372 [2004]).
Defendant's challenge to the validity of her waiver of the right to a jury trial is unpreserved for appellate review (see CPL 470.05 [2]; People v Magnano, 77 NY2d 941 [1991]; People v Driver, 73 Misc 3d 144[A], 2021 NY Slip Op 51242[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2021]; People v Perrone-Maple, 66 Misc 3d 142[A], 2020 NY Slip Op 50164[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2020]; People v Irizarry, 66 Misc 3d 133[A], 2019 NY Slip Op 52112[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2019]). In any event, the record demonstrates that defendant executed a written jury trial waiver, which was approved by [*4]the trial judge in open court, and that the court's colloquy confirmed that the waiver was knowing, intelligent and voluntary. Therefore, defendant's waiver was valid (see People v Smith, 6 NY3d 827, 828 [2006]; Driver, 2021 NY Slip Op 51242[U]; Perrone-Maple, 2020 NY Slip Op 50164[U] [finding that, even assuming that the waiver itself was not signed in open court, the entire colloquy concerning the waiver took place in open court, thus rendering the waiver valid]; Irizarry, 2019 NY Slip Op 52112[U]). 
The People contend that defendant's challenge to the restitution component of the sentence, to wit, that the People failed to meet their burden of proving the victim's loss with evidence that was sufficient to sustain an award of restitution, was waived due to her failure to object to the imposition of restitution at the time of sentencing or to request a hearing and, thus, the issue should be considered unpreserved for appellate review. However, the record demonstrates that defendant contested the restitution in a written submission to the Justice Court and, on appeal, she repeats the same arguments. Furthermore, even though both parties consented to rely upon their respective written submissions in lieu of a hearing, when there is insufficient evidence to support a finding of the victim's actual out-of-pocket loss, the court, pursuant to Penal Law § 60.27 (2), must conduct a hearing in accordance with the procedure set forth in CPL 400.30 to determine the amount of that loss (see People v Tzitzikalakis, 8 NY3d 217, 221 [2007]; People v Consalvo, 89 NY2d 140, 144 [1996]). 
In our opinion, the Justice Court should have conducted a restitution hearing. The People's only evidence in support of the victim's restitution claim were worksheets from her insurer. The worksheets were not verified and, more importantly, included items claimed by the victim to have been stolen but which defendant was never charged with stealing. This was insufficient evidence to support the court's finding of the victim's actual out-of-pocket loss, which is required "to prevent the victim from enjoying an unjust enrichment, and the defendant from suffering under an unduly harsh and unreasonable restitution order" (Mem of Attorney General, Bill Jacket, L 1992, ch 618, at 25; see Tzitzikalakis, 8 NY3d at 222). Consequently, the matter must be remitted to the Justice Court for a hearing to determine whether the victim is entitled to restitution and, if so, in what amount (see Consalvo, 89 NY2d at 143). 
When a defendant is convicted on more than one count of a multi-count accusatory instrument, the criminal court has a statutory obligation to pronounce sentence on each count upon which the defendant was convicted (see CPL 380.20; People v Sturgis, 69 NY2d 816 [1987]; People v Bailey, 132 AD3d 690 [2015]). Here, the record demonstrates that the Justice Court failed to pronounce sentence upon defendant's conviction of criminal possession of stolen property in the fifth degree. Consequently, the sentence imposed must be vacated and the matter remitted for resentencing on both convictions following the conclusion of the restitution hearing (see People v Henry, 80 AD3d 625 [2011]; People v Goddard, 112 AD2d 379 [1985]; People v Burden, 73 Misc 3d 130[A], 2021 NY Slip Op 50950[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2021]; People v M. M. Telcom Corp., 69 Misc 3d 132[A], 2020 NY Slip Op 51218[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2020]).
Accordingly, the judgment of conviction is modified by vacating the sentence imposed and remitting the matter to the Justice Court for a restitution hearing and thereafter for resentencing on each count upon which defendant was convicted.
DRISCOLL, J.P., McCORMACK and WALSH, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 21, 2024